# Phillips & Buttorff Manufacturing Co. v. Goodwyn.

139  673
f139  389

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. A. H. ALSTON.

STREET & ISBELL, for appellant.

MCCORD & MCCORD, for appellee.

The appellant in this case recovered a judgment against the appellee in 1900. Upon this judgment execution was issued and levied upon certain lands. After the levy of the execution, the appellee, who was the defendant in said suit, interposed a claim of homestead exemption. The appellant, who was the plaintiff in said suit, filed an affidavit of contest to the claim of homestead exemptions and the proceedings in the present case were had upon such contest. In this contest, judgment was rendered for the defendant. This judgment was rendered on October 14, 1902, and on said date, when the judgment was rendered, an order was regularly made and entered allowing the plaintiff thirty days within which to have signed the bill of exceptions. The term of the court at which the said judgment was rendered, adjourned on October 16, 1902. On the day of the adjournment of said court, an order was regularly made and entered adjourning said regular term and ordering an adjourned term of two weeks to commence on November 17, 1902. On November 17, 1902, the court regularly convened and remained in session until November 29, 1902. The bill of exceptions which was copied in the transcript was presented to the judge for his signature on November 19, 1902, during the adjourned term of the court; the same judge presiding at the adjourned term who presided at the regular term. The judge refused to sign said bill of exceptions, upon the ground that it was not presented within the time prescribed by the previous order of the court. There was a motion made in the Supreme Court to establish the bill of exceptions. Said motion was overruled, upon the ground that after the expiration of thirty days as allowed by said order for the signing of the bill of exceptions, the same could not be signed by the trial judge, nor could it be established.

Opinion PER CURIAM.